■ In the Matter of JAMES B. DOWNEY, Respondent, v. BOARD OF EDUCATION OF THE LACKAWANNA CITY SCHOOL DISTRICT, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and petition dismissed. Memorandum: Petitioner was superintendent of schools of the Lackawanna City School District (District) and on February 8, 1972, by agreement between him and the District Board of Education (Board), he was transferred to the newly-created position of planning and research administrator. On April 10, 1972 the Commissioner of Education of the State of New York (Commissioner), who had appointed an overseer for the District, directed that "no official action of any kind may be taken by the Board of Education or any member thereof without the prior written approval of the overseer." His directive stated further that: " The agenda for each such meeting shall be prepared at the direction of the overseer, and no business not included on such agenda shall be transacted except with the prior written approval of the overseer ", and that " The Board of Education shall take no action upon personnel transactions without the prior written approval of the overseer." About a week before July 19, 1972, a Board member discussed with the overseer a resolution to abolish petitioner's position and terminate his services. The overseer said that he would place it on the agenda only if the member could assure him there were sufficient votes to pass the motion, so as to avoid " tantalizing " and " upsetting " the community. On July 19, 1972, at a caucus immediately preceding the Board meeting, the Board member told the overseer that there were enough votes to carry the motion and requested that it be added to the agenda. The overseer granted permission to do so and wrote on his copy of the printed agenda: " Discuss Downey's situation. Motion to abolish position and dismiss him immediately." The motion was introduced and carried at the meeting. Petitioner brought an article 78 proceeding to challenge the Board's action of dismissal. The action of the Commissioner of Education in appointing an overseer exceeded his power and was a nullity (Verbanic v. Nyquist, 41 A D 2d 466) and, consequently, whether the overseer approved of the Board's action and did so by written approval beforehand was immaterial. However, if such approval had been necessary, we find that the record shows it was

given. (Appeal from judgment of Erie Special Term granting reinstatement.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.